PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VALLEY ELECTRICAL CONSOLIDATED, INC., | ) ) ) | CASE NO. 4:16CV00060 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| TFG-OHIO, LP, *et al.*, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 7 and 9] |

Pending is Defendants' Motion to Dismiss, or, in the Alternative, Motion to Transfer, ECF No. 7. Defendants assert that a forum selection clause makes venue in this Court improper. In addition to its opposition, Plaintiff has filed an alternative motion for leave to amend the Complaint, ECF No. 9. The Court has been advised, having reviewed the record, the parties' briefs[1], and the applicable law. For the reasons set forth below, Defendants' motion to dismiss is denied, Defendants' motion to transfer is granted, and Plaintiff's motion to amend is denied without prejudice to its resurrection on an improved record.

**I. Background**

Plaintiff Valley Electrical Consolidated, Inc. is an Ohio corporation with its principal place of business in Ohio. Complaint, ECF No. 1-1 ¶ 1. Defendant TFG-Ohio, LP ("TFG") is a

---

[1] Defendants filed a Reply in support of their motion, ECF No. 10. On the same day, Defendants filed an Amended Reply in support, ECF No. 11. The Court relies on Defendants' Amended Reply ("Reply") in ruling on the motion.

Utah limited partnership, the partners of which are all citizens of Utah, and its principal place of business is in Utah. Notice of Removal, ECF No. 1 ¶ 3(a). Defendant Tetra Financial Group ("Tetra") is a Utah limited liability company, the members of which are all citizens of Utah, and its principal place of business is in Utah. *Id.* Plaintiff sold property located in Girard, Ohio (the "Leased Property") to TFG pursuant to a Sale and Leaseback Agreement. Complaint, ECF No. 1-1 ¶ 7. TFG leased the Leased Property to Plaintiff pursuant to the terms of a Master Lease Agreement ("Lease"). *Id.* The Lease provides Plaintiff the option to repurchase all but not less than all of the Leased Property upon completion of the base term of the Lease, "for a price to be agreed upon by Lessor and any applicable Assignee and Lessee." *Id.* ¶ 9. In 2015, Plaintiff advised Tetra, successor to TFG (*Id.* ¶ 3), of its intention to exercise its option to repurchase. *Id.* ¶ 10. After receipt of this notice, Plaintiff alleges, TFG continued to charge Plaintiff's account with the monthly rental fee until Plaintiff suspended the transaction. *Id.* ¶ 11. Plaintiff asserts that Defendants violated the Lease by "fail[ing] and refus[ing] to negotiate in good faith a price to be paid by [Plaintiff] for the [repurchase of the] Leased Property." *Id.* ¶¶ 11, 12.

Plaintiff filed a lawsuit in the Court of Common Pleas, Trumbull County, Ohio. *See* Complaint, ECF No. 1-1. In the Complaint, Plaintiff asserts claims for breach of contract and breach of an implied covenant of good faith and fair dealing. *Id.* ¶¶ 14, 17. Plaintiff also seeks a declaratory judgment that its only obligation under the Lease is to pay the fair value of the Leased Property. *See id.* ¶ 22. Defendants jointly and timely removed the action to this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 1. Diversity is complete. *See id.* ¶ 3(a)(i), (ii). Though Plaintiff alleges damages in excess of

(4:16CV00060)

only $25,000.00, Defendants have shown that the amount in controversy requirement is satisfied. *See id.* ¶ 3(b) (explaining that the amount at issue for Plaintiff's declaratory judgment claim is $185,634.36). *See also Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) ("To defeat diversity jurisdiction, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.") (internal quotations and citation omitted); *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) ("[W]here a party seeks a declaratory judgment, the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result in the litigation.") (internal quotations and citation omitted). Accordingly, removal is proper.

After removing the action, Defendants filed the motion to dismiss or transfer, ECF No. 7.

## II. Analysis

Defendants argue that venue is not proper in this Court. They request that the case be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, transferred to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). ECF No. 7.

### A. Defendants' Motion to Dismiss

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

3

(4:16CV00060)

Defendants assert, "Because Valley Electrical waived its right to bring any cause of action relating to the Lease in this Court, dismissal under Fed. R. Civ. P. 12(b)(6) is warranted." ECF No. 7 at PageID #: 103. This waiver in the forum selection clause states,

> Except as set forth below, Lesser and Lessee agree that any and all claims, dispute and controversies arising out of or relating to this Master Lease shall be brought only in the state or federal courts sitting in County of Salt Lake, Utah, and Lessor and Lessee each irrevocably and unconditionally submits to the sole and exclusive jurisdiction of such courts and waive any objection to the jurisdiction or venue of such courts or Utah Law governing the Lease Documents. NO LAWSUIT, PROCEEDING OR ANY OTHER ACTION RELATING TO OR ARISING UNDER THE LEASE DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED THEREBY MAY BE COMMENCED OR PROSECUTED IN ANY OTHER FORUM.

Lease § 20(e), ECF No. 1-1 at PageID #: 25 (emphasis in original). The plain language of the forum selection clause appears to unequivocally mandate that all claims arising out of or relating to the Lease *shall* be brought only in a state or federal court in the County of Salt Lake, Utah.

There is no question that Plaintiff's claims arise out of or relate to the Lease. *See* Complaint, ECF No. 1-1. Therefore, those claims are within the reach of the forum selection clause. The clause is presumed valid and should be enforced unless "(1) it was obtained by fraud, duress, abuse of economic power, or other unconscionable means; (2) the chosen forum would be closed to the suit or would not handle it effectively or fairly; or (3) the transferee forum would be so seriously inconvenient that to require that plaintiff to bring suit there would be unjust." *See Braman v. Quizno's Franchise Co., LLC*, No. 5:07CV2001, 2008 WL 611607, at *3 (N.D. Ohio Feb. 20, 2008) (Lioi, J.) (internal citations omitted). Plaintiff does not contend that

4

(4:16CV00060)

the forum selection clause is invalid; rather, Plaintiff asserts that Rule 12(b)(6) is not the proper mechanism for enforcing the forum selection clause. ECF No. 9 at PageID #: 117.

Rule 12(b)(6) concerns only "the claim for relief and the substantive plausibility of the supporting factual allegations" and Defendants cannot "stretch the application of FRCP 12(b)(6) to the issue of venue," Plaintiff argues. *Id.* at PageID #: 118-19. While the U.S. Supreme Court has declined to determine whether Rule 12(b)(6) is an appropriate mechanism for enforcing a forum selection clause, *see Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S.Ct. 568, 580 (2013), the Sixth Circuit has held that Rule 12(b)(6) can be used to enforce a statutory forum selection clause, *see Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014). There is not, however, consensus among district courts in this Circuit as to whether Rule 12(b)(6) can be used to enforce a contractual forum selection clause. *Compare Angiosystems, Inc. v. Worldwide Innovations & Technologies, Inc.*, No. 1:15CV78, 2016 WL 919001, at *3 (E.D. Tenn. Mar. 4, 2016) ("On a motion to dismiss under Rule 12(b)(6) to enforce a forum selection clause, the Court 'only needs to determine whether the forum selection clause is enforceable and applicable; if it is, then the suit should be dismissed.'"), *and Discount Drug Mart, Inc. v. Devos, Ltd.*, No. 1:12CV00386, 2013 WL 5820044, at *2 (N.D. Ohio Oct. 29, 2013) ("When a party seeks to enforce a forum-selection clause, the district court may enforce the forum-selection clause through dismissal. . . . [T]he issue is properly considered under Federal Rule of Civil Procedure 12(b)(6).") (internal citations omitted), *with Hudson Financial Corp. v. Autoliv ASP, Inc.*, No. 1:12CV2808, 2014 WL 132437, at *2, n.1 (N.D. Ohio Jan. 14, 2014) ("While there is split authority on this issue, the Court sees no reason to depart from its prior

5

holding in *Lawson Steel* that 12(b)(6) is not an appropriate mechanism [for enforcing a forum selection clause]."), *and Morgantown Machine & Hydraulics of Ohio, Inc. v. American Piping Products, Inc.*, No. 5:15CV1310, 2016 WL 705261, at *1 (N.D. Ohio Feb. 23, 2016) ("Although many courts, including this one, have used Rule 12(b)(6) to enforce forum selection clauses, the Supreme Court has recently identified § 1404(a) 'as a mechanism for enforcement of forum-selection clauses that point to a particular federal district.'") (internal citation omitted).

Decidedly, Rule 12(b)(6) is a mechanism for dismissing claims that lack legal sufficiency. While Defendants assert that this Court is not the appropriate one to grant relief to Plaintiff, they do not assert that Plaintiff fails to state a claim upon which relief can be granted—an important distinction. Even if the Court were to dismiss the action, there is a substantial likelihood that Plaintiff would simply commence the action anew in the preselected forum, rendering dismissal inexpedient. Moreover, the Court is not persuaded that dismissal is appropriate based on the record before it. Therefore, Defendants' motion to dismiss is denied.

**B. Defendants' Alternative Motion to Transfer**

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Accordingly, under the traditional § 1404(a) analysis, a court may consider the following factors upon a motion for change of venue: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer." *Roberts Metals, Inc.*

(4:16CV00060)

*v. Florida Properties Marketing*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd* No. 93-1562, 1994 WL 84735 (Fed. Cir. March 14, 1994). A court may also consider the plaintiff's choice of forum and the respective docket loads of the two district courts. *Id.* at 92 n. 2; *Pace Indus. Union-Mgmt. Pension Fund v. King Soopers, Inc.*, No. 3:11-cv-00148, 2011 WL 1481306, at *1 (M.D. Tenn. April 18, 2011).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties agreement as to the most proper forum." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S.Ct. 568, 581 (2013) (internal quotations and citation omitted). As a result, "a district court may consider arguments about public-interest factors only," and "those factors will rarely defeat a transfer motion." *Id.* at 582. Importantly, the party opposing the transfer has the burden of showing that the forum selection clause should not be enforced. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). Because the enforcement of a valid forum selection clause protects the parties' bargained-for interests and legitimate expectations, "and because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice," the clause "should be given controlling weight in all but the most exceptional cases." *Id.* (internal quotations and citation omitted).

Plaintiff argues that enforcement of the forum selection clause would be "inequitable, unjust, inconvenient, unreasonable and unfair to Plaintiff and the other interested parties." ECF No. 9 at PageID #: 126. According to Plaintiff, enforcing the clause would burden the real-property landlord and mortgage holders, their counsel, and potential witnesses who would

7

(4:16CV00060)

have to travel from Ohio to Utah for the litigation. *Id.* at PageID #: 121-25. Defendants retort that they are Utah entities with their principal places of business in Utah, their witnesses are located in Utah, and Plaintiff fails to show how the landlord and lenders would be implicated in Plaintiff's breach of contract claim. Reply, ECF No. 11 at PageID #: 148, 146. These arguments are not well taken. As the U.S. Supreme Court has intoned,

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Atl. Marine*, 134 S.Ct. at 582.

Plaintiff next argues that Ohio substantive law applies, creating a disadvantage for a Utah Court interpreting and applying the applicable law. *See* ECF No. 9 at PageID #: 121-25. This apprehension does not warrant abrogation of the parties' agreement as to venue. "Federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 134 S.Ct. at 584 (noting that the Court is "not aware of any exceptionally arcane features of Texas contract law that are likely to defy comprehension by a federal judge sitting in Virginia"). Plaintiff makes no attempt to show that Ohio contract law is so uniquely complex that a Utah Court is not competent to correctly interpret and apply it. Moreover, based on the terms of the Lease, a court may find that Ohio law has no application in this case:

> THIS MASTER LEASE, THE LEASE DOCUMENTS AND THE LEGAL RELATIONSHIP BETWEEN THE PARTIES SHALL IN ALL RESPECTS BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF UTAH, INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW PRINCIPLES.

8

(4:16CV00060)

Lease § 20(e), ECF No. 1-1 at PageID #: 25 (emphasis in original).

Plaintiff contends that Ohio law applies because the Leased Property is affixed to real property located in Ohio. ECF No. 9 at PageID #: 121-24. Notwithstanding that Plaintiff failed to raise this factual allegation in the pleadings, or that Plaintiff fails to heed the parties' choice of law provision, Plaintiff's position may be called into question by the following provision in the Lease:

> THE LEASED PROPERTY CONSISTS SOLELY OF, AND SHALL AT ALL TIMES BE DEEMED, PERSONAL PROPERTY AND NOT FIXTURES. THE LEASED PROPERTY IS REMOVABLE FROM AND IS NOT ESSENTIAL TO THE PREMISES AT WHICH THE LEASED PROPERTY IS LOCATED. THE LEASED PROPERTY IS AND SHALL REMAIN PERSONAL PROPERTY DURING THE TERM NOTWITHSTANDING THAT ANY PORTION THEREOF MAY IN ANY MANNER BECOME AFFIXED, ATTACHED TO OR LOCATED ON REAL PROPERTY OR ANY IMPROVEMENT THERETO.

Lease § 7(d), ECF No. 1-1 at PageID #: 17.

The determinations of what law applies and whether the Leased Property is affixed to real property are left to the appropriate forum—in this case, the forum preselected by the parties. In any case, these issues do not alter the conclusion that the forum selection clause is presumed valid, and Plaintiff has not rebutted that presumption. Even if the factors discussed by Plaintiff would render adjudication in Utah more difficult than in Ohio, Plaintiff was aware of the risks at the time it agreed to a forum.

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business

(4:16CV00060)

> together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.

Atl. Marine, 134 S.Ct. at 583. Plaintiff has failed to demonstrate the kind of exceptional circumstances that warrant overriding the bargain of sophisticated parties, such as the entities involved in the case at the bar. The interests of justice will not be served by permitting Plaintiff to evade its promise without legal justification. For that reason, the Court will not do so.

Defendants' alternative motion to transfer the case to the United States District Court for the District of Utah is granted.

**C. Plaintiff's Alternative Motion for Leave to Amend**

Plaintiff requests leave to amend the Complaint "to plead additional facts which have become material as a result of the assertions made by Defendants in support of their Motion to Dismiss or, in the alternative, to Transfer." ECF No. 9 at PageID #: 128 (citing Fed. R. Civ. P. 15(a)(2)). Plaintiff has not identified its additional facts or hinted at their import to the motions under review. Based on the record, the Court is not persuaded that amending the Complaint would be anything other than futile. *See* SFS Check, LLC v. First Bank of Delaware, 774 F.3d 351, 355 (6th Cir. 2014) ("[C]ourts need not give leave to amend when doing so would be futile."). Plaintiff's motion to amend is denied without prejudice to its resurrection on an improved record.

(4:16CV00060)

**III. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is denied, Defendants' alternative motion to transfer the action to United States District Court for the District of Utah is granted, and Plaintiff's alternative motion to amend is denied without prejudice.

    IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2016 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |