IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VALLEY ELECTRICAL CONSOLIDATED, INC., <br><br> Plaintiff, <br> v. <br><br> TFG-OHIO, LP and TETRA FINANCIAL GROUP, LLC, <br><br> Defendants, <br> v. <br><br> TFG-OHIO, LP, <br><br> Defendant and Counterclaimant, <br> v. <br><br> VALLEY ELECTRICAL CONSOLIDATED, INC.; EVETS ELECTRIC, INC.; and J.L. ALLEN CO., LLC, <br><br> Counterclaim-Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br><br><br><br><br><br><br> Case No. 2:16-cv-751-JNP-PMW <br><br> District Judge Jill N. Parrish <br> Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this matter to Chief Magistrate Judge Paul M.

Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff and Counterclaim-

Defendant VEC, Inc.'s ("VEC")[2] Motion for Leave to Amend Complaint and Answer to

Counterclaim.[3] Having reviewed the parties' briefs and the relevant law, the court renders the

following Memorandum Decision and Order.[4]

---

[1] Dkt. No. 17.
[2] According to VEC, VEC, Inc. is the successor by merger to Valley Electrical Consolidated, Inc. and Evets Electric, Inc.
[3] Dkt. No. 35.
[4] Pursuant to DUCivR 7-1(f), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

**BACKGROUND**

In 2011, VEC and Defendants and Counterclaimants TFG-Ohio, LP and Tetra Financial Group, LLC[5] (collectively "TFG") entered into a Master Lease Agreement ("MSA") wherein TFG agreed to lease certain property to VEC.[6] The dispute in this case surrounds the parties' rights and obligations at the conclusion of the lease term.

VEC alleges that at the conclusion of the lease term, the MSA provided VEC with the option to purchase "all but not less than all" of the leased property for a price agreed upon by VEC and TFG.[7] In 2015, VEC claims that it notified TFG that it intended to purchase all of the leased property for a price agreed upon by the parties.[8] VEC further alleges that despite VEC's notice of its intent to exercise its purchase rights under the MSA, TFG continued to charge VEC's account for monthly lease payments and failed to negotiate in good faith a price for the leased property.[9]

On December 10, 2015, VEC filed the above-captioned lawsuit against TFG in Ohio state court claiming that TFG breached the terms of the MSA and violated the implied covenant of good faith and fair dealing.[10] Additionally, VEC is seeking a declaratory judgment stating that VEC's obligations under the MSA will be satisfied once VEC pays TFG the fair value of the leased property.[11]

---

[5] According to the parties, Tetra Financial Group, LLC is TFG-Ohio, LP's successor. *See* Dkt. No. 1, Ex. A at ¶ 3.
[6] *Id.*
[7] *Id.* at ¶ 9.
[8] *Id.* at ¶ 10.
[9] *Id.* at ¶ 11.
[10] *See id.* at ¶¶ 14–19.
[11] *Id.* at ¶ 22.

TFG removed the action to federal court in the Northern District of Ohio.[12]  On June 30, 2016, the Northern District of Ohio transferred the case to the District of Utah because the MSA contains a forum selection clause in favor of Utah.[13]  Subsequently, TFG filed a countersuit against VEC alleging breach of contract and breach of the covenant of good faith and fair dealing.[14]  TFG also filed countersuit against the MSA's guarantors J.L. Allen Co., LLC and Evets Electric, Inc.[15]

On November 11, 2016, the court entered in a Scheduling Order specifying that the parties had until December 30, 2016, to file amended pleadings.[16]  The Scheduling Order further specifies that the parties have until June 9, 2017, to complete fact discovery.[17]

On March 30, 2017, VEC filed the instant motion seeking leave to amend the complaint and answer to TFG's counterclaim.[18]  VEC argues that through the course of discovery it has obtained new information justifying new claims and defenses.  VEC's proposed First Amended Complaint adds a fraud claim against TFG.[19]  VEC claims that TFG's agent, Rick Razzeca, told VEC that it could purchase the leased property at the end of the lease term "for the sum of $1.00, or some other nominal amount."[20]  Furthermore, VEC's First Amended Answer to TFG's Counterclaim adds fraudulent inducement defenses.[21]  VEC claims that TFG's counterclaims are barred because TFG fraudulently induced VEC into entering into the MSA.[22]

---

[12] Dkt. No. 1.
[13] Dkt. No. 12 at 4; Dkt. No. 13.
[14] Dkt. No. 19.
[15] *Id.*
[16] Dkt. No. 30 at ¶ 3(a).
[17] *Id.* at ¶ 2(j).
[18] Dkt. No. 35.
[19] *Id.* at Ex. A, ¶¶ 19–26.
[20] *Id.* at ¶ 21.
[21] *See Id.*
[22] *Id.*

**DISCUSSION**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court "should freely give leave [to amend] when justice so requires." Whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The court may deny leave to amend only where there is a "'showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

In the court's view, whether VEC's motion should be granted depends on whether VEC was justified in waiting until after December 30, 2016, to seek permission from the court to amend its pleadings. VEC claims three sources of information provide justification for VEC's delay in filing a motion to amend. First, VEC claims that in the course of searching VEC's records responsive to TFG's discovery requests, VEC discovered documents supporting an additional fraud claim and several fraud defenses.[23] Second, VEC argues that TFG produced certain emails in response to VEC's discovery requests that further demonstrate the need to amend.[24] Specifically, VEC cites the following emails:

- October 7, 2011, email from VEC's former CFO, Brenda Spencer ("Spencer"), to TFG's employee, Rick Razzeca ("Razzeca").
- November 29, 2011, email from Razzeca to Spencer.
- November 30, 2011, email from Spencer to Razzeca.
- December 1, 2011, email from Spencer to Razzeca.

---

[23] Dkt. No. 35 at 2–3 ("In the course of searching for records responsive to Defendant's discovery requests, Plaintiff located documents that support an additional count in its Complaint and defenses to Counterclaim.").
[24] Dkt. No. 37 at 5.

Finally, VEC claims that in February of 2017, VEC interviewed Spencer in preparation for her upcoming deposition and discovered new information warranting a claim of fraud and fraudulent inducement defenses.[25]

TFG counters that VEC's proposed amendments are untimely and that VEC fails to provide the court adequate justification for its delay.[26] TFG contends that Spencer's testimony and the correspondence evidence cited by VEC was in VEC's possession well before December of 2016.[27] Therefore, TFG argues, there is no excuse for VEC waiting over fifteen months since the initiation of this lawsuit to seek leave to amend.[28]

Rule 15(a)(2) is not an unworkable straightjacket requiring a motion to amend to be filed within a specified period of time. However, "untimeliness alone" is sufficient to deny leave to amend where the moving party has "no adequate explanation for the delay." *Frank*, 3 F.3d at 1365–66 (citing cases). For example, Rule 15(a)(2) is not a mechanism for a party to "make the complaint a moving target," to "salvage a lost case by untimely suggestion of new theories of recovery," to present theories in "seriatim," or to knowingly raise an issue on the eve of trial. *See Minter*, 451 F.3d at 1206 (quotations and citations omitted). Indeed, a party who unjustifiably delays acts "contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* at 1205 (quotations and citations omitted). Therefore, "courts may deny leave for untimeliness or undue delay without a showing of prejudice to the opposing party." *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (citing cases).

---

[25] *Id.*
[26] Dkt. No. 41 at 3.
[27] *Id.*
[28] TFG also argues that any amendment by VEC would be futile because VEC's fraud claim would not pass muster under Rule 9 of the Federal Rules of Civil Procedure. *Id.*

In the context of undue delay, Rule 15(a)(2) requires the court to focus primarily on three factors. First, the court must examine the length of delay—"[t]he longer delay, the more likely the motion to amend should be denied." *Minter*, 451 F.3d at 1205 (quotations and citations omitted). Second, the court must evaluate the "reasons for the delay" and deny leave to amend when the moving party has not offered an adequate explanation for their neglect. *Id.* Finally, a motion for leave to amend should be denied where the moving party "knows or should have known of the facts upon which the proposed amendment is based" and fails to include them in the original filing. *Frank*, 3 F.3d at 1366 (quotations and citations omitted).

For example, in *Bird v. West Valley City*, No. 2:12-cv-903-PMW, 2014 WL 3547829 (D. Utah July 17, 2014), the court denied a plaintiff's motion to amend where the plaintiff waited nearly seven months after the expiration of the amended pleadings deadline to seek permission to amend her complaint. *Id.* at *2. The court found that the plaintiff "failed to provide an adequate explanation for the delay in bringing her motion to amend her complaint." *Id.* Specifically, the court recognized that the factual allegations underlying the plaintiff's proposed amendments were available to the plaintiff when she filed her original complaint. *See id.*

Similarly, in *Arnson v. My Investing Place, LLC*, No. 2:09-cv-254-DN, 2012 WL 2922683 (D. Utah June 7, 2012), the court denied the plaintiffs' motion to amend. *Id.* at *11. The plaintiffs argued that they discovered new information during the discovery process which afforded them a "more clear understanding" of the defendants' conduct. *Id.* The court found that the plaintiffs' new claims relied on facts that occurred before the filing of the original complaint and, therefore, granting leave to amend was improper. *Id.*

Like *Bird* and *Arnson*, VEC fails to offer a satisfactory explanation for why it neglected to investigate its case and seek leave of the court to amend its pleadings before the December 30,

6

2016 deadline.  Rule 15(a)(2) is designed to allow parties to freely amend pleadings as discovery progresses and new factual allegations come to light.  Rule 15(a)(2), however, does not reward litigants who rest on their laurels and fail to investigate their case.  The 2011 correspondence between TFG and VEC was available to VEC at the initiation of this lawsuit.  Indeed, VEC's initial disclosures identify communications between TFG and VEC as relevant discoverable information.[29]  VEC did not review its correspondence with TFG, despite its knowledge that the underlying dispute would inherently involve the circumstances surrounding the formation of the MSA.  Moreover, Spencer, although a former employee, was apparently integral to the formation of the MSA and should have been interviewed by VEC before February of 2017.  VEC's use of Rule 15(a)(2) is contrary to the rule's principles of judicial economy and fairness.  Accordingly, VEC's Motion for Leave to Amend is untimely, lacks justification, and is denied.

## CONCLUSION

Based on the foregoing, VEC's Motion for Leave to Amend Complaint and Answer to Counterclaim[30] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th Day of May, 2017.

BY THE COURT:

Paul M. Warner
Chief United States Magistrate Judge

---

[29] Dkt. No. 36, Ex. C.
[30] Dkt. No. 35.